1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD BENJAMIN WHITE,

             Plaintiff,

   v.

MONROE CORRECTIONAL
COMPLEX INTENSIVE
MANAGEMENT UNIT,

             Defendant.

CASE NO. 3:23-CV-1221-JCC-DWC

REPORT AND RECOMMENDATION

Noting Date: November 10, 2023

14
15
16
17
18
19

      The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. Plaintiff Ronald Benjamin White, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on August 9, 2023. *See* Dkt. 1. Plaintiff has not responded to the Court's order directing him to file an amended complaint. Therefore, the Court recommends this case be dismissed without prejudice for failure to prosecute and for failure to state a claim upon which relief can be granted.

20
21
22
23
24

      In the Complaint, Plaintiff, a convicted and sentenced state prisoner, alleges Defendant Monroe Correctional Complex Intensive Management Unit violated Plaintiff's constitutional rights by failing to provide him with a clean drinking cup. Dkt. 5. On August 21, 2023, the Court found Plaintiff failed to state a claim upon which relief can be granted. Dkt. 6 ("Order"). The

1   Court provided Plaintiff with leave to file an amended pleading by September 21, 2023, to cure

2   the deficiencies. *Id*. The Court warned Plaintiff it would recommend dismissal of this action if

3   Plaintiff did not correct the deficiencies of the Complaint. *See id.*

4       Plaintiff has failed to comply with the Court's Order. He has not filed a response to the

5   Order or filed an amended complaint. Further, as discussed in the Order, Plaintiff has failed to

6   state a claim upon which relief can be granted. *See* Dkt. 6. Therefore, the Court recommends this

7   case be dismissed without prejudice for failure to follow a Court order and failure to provide a

8   servable complaint. As Plaintiff failed to state a claim upon which relief could be granted, the

9   Court finds this case should be considered a "strike" under 28 U.S.C. § 1915(g).

10      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

11  fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

12  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

13  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

14  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

15  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

16  imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on

17  November 10, 2023, as noted in the caption.

18      Dated this 23rd day of October, 2023.

19

20                                          David W. Christel

21                                          Chief United States Magistrate Judge

22

23

24

REPORT AND RECOMMENDATION - 2